IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ubong Christopher Ubokudom

JuJu (minor)
        PLAINTIFF (S)

VS.

Dollar General Corporation & DolgenCorp. Inc.
        DEFENDANT(S)

Civil Complaint
Jury Demand

C/A No: 3:25-cv-12971-SAL-PJG

RCV'D – USDC COLA SC
OCT 14 '25 PM 2:56

## CIVIL COMPLAINT

Now comes Ubong Christopher Ubokudom and JuJu (minor) "Plaintiffs", complaining as to Dolgencorp, LLC & Dollar General Corporation "Defendants", as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action pursuant under the 28 U.S.C. § 1332, Elliott-Larsen Civil Rights Act, the South Carolina Code 15-73-10, the South Carolina Equal enjoyment and privileges to Public Accommodations Act, and the Federal Civil Rights act of 1964 (Title II). Plaintiffs believe that, within the last three years, their ability to purchase non-defective items has been limited at Dollar General's 21887 W Eleven Mile Rd, Southfield, MI 48076, and Dollar General's 2102 Two Notch Rd., Columbia, SC 29204 locations. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race. Plaintiffs comes now and sues Dolgencorp, LLC and Dollar General Corporation for discrimination, gross negligence and strict liability, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom and JuJu, due to the defective state in which, the digiorno pizza, was sold by the defendants, for the marketing defect of no warning, or in the alternative, insufficient warning, because Dolgencorp, LLC and Dollar General Corporation fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiffs, Ubong Christopher Ubokudom and JuJu, consuming the digiorno pizza, caused by the fault, or in the alternative, negligence of Dolgencorp, LLC and Dollar General Corporation and Dolgencorp, LLC and Dollar General Corporation operations in selling and marketing of the defective digiorno pizza that the plaintiff, Ubong Christopher Ubokudom, consumed.

## JURISDICTION AND VENUE

2. Subject jurisdiction is conferred upon this Court by 28 U.S.C. § 1332. This action is of a civil nature and involves a controversy wholly between citizens of two different states.
3. Venue is proper in this Court since the amount in question exceeds $75,000 and the plaintiffs and the defendants are residents of two different states.

1

PARTIES

4. Plaintiff, Ubong Christopher Ubokudom, is currently a natural person residing in Richland County, South Carolina, and Plaintiff JuJu (minor), is a minor.
5. Defendants Dollar General Corporation is a foreign business entity that was incorporated in the state of Kentucky with its principal place of business in the state of Tennessee. The defendants Dolgencorp, LLC, is a foreign limited liability company whose sole member, Dollar General Corporation, is a citizen of the state of Kentucky with its principal place of business in the state of Tennessee.
6. At all times relevant to this complaint, the defendants acted through its agents, supervisors, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representative, and insures at all times relevant to the instant action.

BACKGROUND

7. Plaintiff, Ubong Christopher Ubokudom, states that on or about 3/16/25 he was a customer at Dollar General's 2101 Two Notch Road, , Columbia, SC 29204 location. The plaintiff, Ubong Christopher Ubokudom, purchased digiorno pizza. This store is franchised by Dollar General. Dollar General shares in the income generated by the sale of foods, drinks, and other products sold at this Dollar General's location and shares in the proceeds of the sale of the products that harmed the plaintiff, Ubong Christopher Ubokudom. While shopping at Dollar General's 2102 Two Notch Rd., Columbia, SC location and purchasing these defective items, the plaintiff, Ubong Christopher Ubokudom, experienced discrimination because his ability to purchase non-defective items was limited. The plaintiff, Ubong Christpher Ubokudom, should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations. Additionally, Plaintiffs believe that, within the last three years, their ability to purchase non-defective items has been limited at Dollar General's 21887 W Eleven Mile Rd, Southfield, MI 48076 location. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race.

FIRST CLAIM FOR RELIEF:

(Violation of the Federal Civil Rights Act of 1964 (Title II) and the South Carolina Equal enjoyment and privileges to South Carolina Equal enjoyment and privileges to Public Accommodations Act)

8. Plaintiff, Ubong Christopher Ubokudom, believes that within the last three years, when the plaintiff, Ubong Christopher Ubokudom, has shopped at Dollar General's 2102 Two Notch., Columbia, SC 29204 location, Dollar General has deviated from its normal standard customer service practices by intentionally limiting the plaintiffs' ability to purchase non-defective products because of the plaintiffs' race. A few of these items include but are not limited to: digiorno pizza, Red Baron frozen Pizza, Pedialyte, and zebra cakes.

9. The plaintiff, Ubong Christopher Ubokudom, experienced discrimination based on his race; the plaintiff, Ubong Christopher Ubokudom, was not ensured with the full enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination.

10. The above-described conduct violates the South Carolina Equal enjoyment and privileges to Public Accommodations Act which prohibits discrimination in place of public accommodation on the account of race.

11. As a result of the above-described discrimination, Ubong Christopher Ubokudom, suffered, continues to suffer, and may permanently suffer from feelings of racial stigmatization, embarrassment, humiliation, anger, indignity, and shame. The conduct of Dollar General described herein wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others, and defendants should be assessed punitive damages in the amount of $250,000,000.00, in order to deter the defendants and others similarly situated from this and similar kinds of conduct in the future.

SECOND CLAIM FOR RELIEF:

(Violation of the Elliott-Larsen Civil Rights Act and the Federal Civil Rights Act of 1964 (Title II))

12. Plaintiffs believe that within the last three years, when the plaintiffs have shopped at Dollar General's 21887 W Eleven Mile Rd, Southfield, MI 48076 location, Dollar General has deviated from its normal standard customer service practices by intentionally limiting the plaintiffs' ability to purchase non-defective products because of the plaintiffs' race. The plaintiffs believe this Dollar General store has engaged in the same misconduct as the Sam's Club on 22500 Eight Mile Rd., Southfield, MI 48033, referenced in the affidavit.

13. Plaintiffs believe many defective items were stored at this Dollar General store and other Dollar General stores with the intention of selling these defective items to the plaintiffs.

14. The plaintiffs experienced discrimination based on their race; the plaintiffs were not ensured the full enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination.

15. The above-described conduct violates the Elliott-Larsen Civil Rights Act and the Federal Civil Rights Act of 1964 (Title II), which prohibits discrimination in place of public accommodations based on race.

16. As a result of the above-described discrimination, Ubong Christopher Ubokudom and JuJu, suffered, continue to suffer, and may permanently suffer from feelings of racial stigmatization, embarrassment, humiliation, anger, indignity, and shame. The conduct of Dollar General, described herein wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others, and defendants should be assessed punitive damages in the amount of $250,000,000.00, in order to deter the defendants and others similarly situated from this and similar kinds of conduct in the future.

THIRD CLAIM FOR RELIEF:

(Violation of the South Carolina Code 15-73-10 )

17.
  A. The defective digiorno pizza purchased on or about 3/16/25 was unreasonably dangerous. The defendants are liable to the plaintiff, Ubong Christopher Ubokudom, for the physical, emotional, and mental harm that these products caused.
  B. The product in question, digiorno pizza, was and is routinely sold by the defendants, and it reached the plaintiff, Ubong Christopher Ubokudom, in the same condition as it was at the time of sale and it was consumed in the same condition as it was at the time of sale; the item in question was not expired and the packaging was intact; further, plaintiff in no way is guilty of any fault and the defendants are strictly liable to the plaintiff under the South Carolina Code 15-73-10.
  C. The item in question was consumed after following the preparation instructions on the DiGiorno pizza packaging.
  D. The digiorno pizza was defectively manufactured; further, the container that it was sold in had no warnings, or had a lack of warnings, rendering the product defectively marketed; the producing cause of the harm experienced by Ubong Christopher Ubokudom was the exclusive fault of the defendants.
  E. At all material times the defendants were aware of the dangers in selling the product to the plaintiff, Ubong Christopher Ubokudom; they knew of the likely consequences of such acts; they knew of the risks involved and acted with a conscious indifference and willful and wanton disregard for the safety of Ubong Christopher Ubokudom.
  F. The defendants are expert sellers of the digiorno pizza and had a duty to test and inspect the product for unreasonably dangerous conditions, which they either failed to do, or alternatively, which they negligently, or in the alternative, did with malice with complete disregard for the dangers inherent in selling the defective digiorno pizza that caused the physical, emotional, and mental harm experienced by the plaintiff, Ubong Christopher Ubokudom, with the sale of this product.
  G. The defendants could have removed the item so they would not have been purchased or informed the plaintiff that this item was defective and it should not be purchased. The defendants failed to remove the item and failed to warn the plaintiff of the dangers of purchasing the item and consuming it.

18. The defendants are liable for the fault, or in the alternative, the negligence of Dollar General's 2101 Two Notch Road location because it is a franchisor of Dollar General stores and it dictates precisely the policies and practices required of all Dollar General stores in the sale of the products in question, digiorno pizza.

19. On or about 3/16/25 at about 5:14pm the plaintiff, Ubong Christopher Ubokudom, purchased digiorno pizza. After eating the item he developed physical symptoms that were very concerning, which include: dizziness, headaches, chest pain, heart palpitations, abdominal pain, gait instability, severe neck pain, severe neck stiffness, severe muscle contractions, and several other symptoms. He has also experienced psychological damage due to this traumatic experience. The defendants knew these items were defective and intentionally made these items available for him to purchase. The defective item he ate could have led to his demise and may still lead to chronic disease, paralysis, and a cardiovascular and/or neurovascular event in the future.

20. The plaintiff, Ubong Christopher Ubokudom, further contends that the defendants are liable under the doctrine of negligence for failing to provide the plaintiff, Ubong Christopher Ubokudom, with reasonably safe digiorno pizza, and failing to warn him in any efficient manner of the dangers inherent in consuming this item in question.

21. Plaintiffs comes now and sues <u>Dolgencorp, LLC and Dollar General Corporation</u> for discrimination, gross negligence and strict liability, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom due to purchasing of the digiorno pizza in the defective state in which it was sold by the defendants, and for the marketing defect of no warning, or in the alternative, insufficient warning, because <u>Dolgencorp, LLC and Dollar General Corporation</u> fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiff, Ubong Christopher Ubokudom, consuming the digiorno pizza caused by the fault, or in the alternative, negligence of their operations in selling and marketing of the defective digiorno pizza purchased by the plaintiff on or about 3/16/25.

22. Defendants are directly and/ or vicariously liable for the actions of its employees.

23. According to the SC code § 15-73-10,
    1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if

a)The seller is engaged in the business of selling such a product, and
b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
    2) The rule stated in in subsection (1) shall apply although
        a) The seller has exercised all possible care in the preparation and sale of his product, and
        b) The user or consumer has not brought the product from or entered into any contractual relation with the seller.

24.The above-described conduct by the defendants violates SC code 15-73-10.

25. The conduct by the defendants described herein was in wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to the health, safety, and welfare of others, and the defendants should be assessed compensatory and punitive damages in the amount of $250,000,000.00 in order to deter the defendants and others similarly situated from this and similar kinds of conduct in the future.

PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs respectfully request judgment as follows:
   a. Awarding Plaintiffs treble and/ or punitive damages.
   b. Awarding plaintiffs nominal damages.
   c. Awarding plaintiffs with an injunctive relief.
   d. Awarding any other relief as this Honorable Court deems just and appropriate, and relief as the interest of justice may require.

When retail stores obstruct a parent's ability to purchase items that are not defective, this can have a grave impact on their children. The plaintiff, Ubong Christopher Ubokudom, used to shop at the defendants' stores with his daughter before he recognized his options were limited to defective items. While shopping at the defendants' stores, the plaintiff's daughter would often ask him to buy certain items. The plaintiff would like to be able to shop at the defendants' stores again with his daughter, and most importantly, the plaintiff, Ubong Christopher Ubokudom, would like to be able to purchase items that are not defective at the defendant's stores that will not be dangerous and detrimental to his daughter's health.

We believe, because of the above information, that we, the plaintiffs, are entitled to and do request a judgment for $ 750, 000, 000.00 plus all general and equitable relief as allowed by law, and all costs of court, plus both pre-judgement and post-judgement interest allowed by law and an injunction to immediately stop the conduct that is causing harm. These defective products could have led to the demise of JuJu and Ubong Christopher Ubokudom, and they may still lead to chronic disease, paralysis, and a cardiovascular and/or neurovascular event in the future for the plaintiff, Ubong Christopher Ubokudom. We believe this judgment will help to deter corporations in the future from recklessly harming and destroying the lives of individuals, families, and communities.

<u>Plaintiff prays that the court enter an order:</u>

2. Declaring that the Defendants, together with their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are **ENJOINED AND RESTRAINED** from discriminating against Plaintiffs on the basis of race, including but not limited to **limiting, restricting, or otherwise interfering with Plaintiffs' ability to purchase non-defective and reasonably safe products on the same terms and conditions as other customers.**

3. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **further ENJOINED** from engaging in any act or practice that, on the basis of race, denies or abridges any rights secured by:

   - **Title II of the Civil Rights Act of 1964**, 42 U.S.C. § 2000a et seq.;
   - The **Elliott–Larsen Civil Rights Act**, Mich. Comp. Laws § 37.2101 et seq.; and

- The **South Carolina Equal Enjoyment and Privileges to Public Accommodations Act**.

4. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **further ENJOINED** from engaging in any act or practice that violates:

- **S.C. Code § 15-73-10**; and

- **Mich. Comp. Laws §§ 750.436, 750.91, 600.2949a, and 289.111**.

5. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **ORDERED to take such affirmative steps as may be necessary to remedy the effects of past unlawful conduct and to prevent the recurrence of discriminatory conduct in the future.**

A TRIAL BY JURY DEMANDED.

The information provided in this document is true to the best of my knowledge. I have personal knowledge of the facts stated herein and can testify to their truthfulness. My truth is all I have to protect my daughter; this truth, in addition to the honesty and empathy of others, I hope will eventually lead to an injunctive relief that she so desperately needs and deserves.

Signed this the 14 of October, 2025.

Dated: 10/14/25

_____
Signature of Plaintiff (or his attorney)
Ubong Ubokudom
P.O. Box 1594
Columbia, SC 29202

NOTARY PUBLIC

Sworn to and subscribed before me, this the 14 of October, 2025.

Notary Public Signature: _____

My Commission Expires: 6/15/35

LANDON HORTON
Notary Public-State of South Carolina
My Commission Expires
June 15, 2035