IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ubong Christopher Ubokudom; J., *minor*, | ) | C/A No. 3:25-12971-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Dollar General Corporation; DolgenCorp., Inc, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ubong Christopher Ubokudom, proceeding *pro se*, brings this action alleging violations of his civil rights and injuries from defective products. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.

**I.     Plaintiff's Motion to Stay and Failure to Comply with a Court Order**

On November 25, 2025, the court issued an order directing Plaintiff to file the documents necessary to bring this case into proper form for the issuance and service of process. (ECF No. 13.) The order also denied Plaintiff's motion for the appointment of counsel for both himself and his minor child, informed Plaintiff that he could not litigate his minor child's claims *pro se*, and granted Plaintiff thirty days to obtain counsel for the minor child. (Id.) The order warned Plaintiff that his failure to comply within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff responded to the court's order with a Motion to Stay Proceedings Pending Resolution of Petition for Writ of Mandamus in the Fourth Circuit. (ECF No. 17.) In his motion,

Page 1 of 5

Plaintiff indicates that he has filed a petition in the United States Court of Appeals for the Fourth Circuit seeking "appellate intervention concerning this Court's order requiring the minor to obtain counsel, denying appointment of counsel, and indicating that the case will be dismissed if counsel does not appear—despite Plaintiff's indigence and inability to secure representation after diligent efforts." (Id. at 2.) Plaintiff asserts that a stay is necessary to preserve the Fourth Circuit's jurisdiction and prevent dismissal of the minor's claims. (Id.) On February 20, 2026, the Fourth Circuit dismissed Plaintiff's case for failure to prosecute. See In re: Ubong Christopher Ubokudom, Case No. 25-2448, ECF No. 14. The basis for Plaintiff's motion to stay now having been resolved, the court denies the motion as moot.

As Plaintiff has yet to comply with the court's November 25. 2025 order and there being no basis on which to stay these proceedings, this matter should be summarily dismissed for Plaintiff's failure to comply with a court order. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

Here, Plaintiff's failure to comply with the court's order justifies dismissal of this action because the court's November 25, 2025 order warned Plaintiff in bold lettering that this case would be dismissed if he failed to follow the court's instructions. See Ballard, 882 F.2d at 96; see also Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Because the court recommends dismissal of this matter prior to authorizing the issuance of the summons and service of process, the matter should be dismissed *without* prejudice. See Lutfi, 787 F. App'x at 191 (finding the district court did not abuse its

discretion by dismissing a *pro se* litigant's complaint without prejudice where the litigant failed to comply with the court's order, noting the litigant could refile the action).

## II.     Duplicative Litigation

Alternatively, this case should be dismissed as duplicative of Ubokudom v. Dolgen Corp., C/A No. 3:25-3120-JFA ("Ubokudom 1").  In Ubokudom 1, Plaintiff initiated a products liability action against Dolgen Corp and Dollar General Corporation in state court concerning an allegedly defective pizza he purchased from Dollar General on March 16, 2025.  The defendants removed the case to this court and moved to dismiss based on Plaintiff's failure to adequately plead a plausible cause of action for products liability under South Carolina law.  After full litigation of the issues, the court granted the defendants' motion to dismiss.

The current Complaint concerns the same allegedly toxic pizza purchased from Dollar General on March 16, 2025.  (See ECF No. 1 at 2.)  Plaintiff attempts to differentiate this case by adding his minor daughter as a plaintiff and purporting to bring causes of action pursuant to various civil rights statutes in addition to South Carolina's products liability statute.  However, as Plaintiff has not acquired counsel for his minor daughter and Plaintiff may not represent her interests *pro se*, the minor is not a proper party to this action.  Remaining then are Plaintiff's own claims concerning an allegedly toxic pizza purchased from Dollar General on March 16, 2025—the same claims already litigated in Ubokudom 1.

Generally, duplicative litigation within the federal courts is disfavored.  See generally Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions."); Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007) (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th

Cir.1993)).  Therefore, courts should dismiss successive actions that are duplicative or redundant of cases already filed in the same court.  See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).

## III.     Conclusion

For the foregoing reasons, it is recommended that this action be summarily dismissed without prejudice.  Plaintiff's motion to stay (ECF No. 17) is denied as moot.  Plaintiff's motion for preliminary injunction hearing (ECF No. 4) should be terminated in light of the recommendation to summarily dismiss this case.

March 17, 2026                                Paige J. Gossett
Columbia, South Carolina            UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).